**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**VIOLA IRIS HOLLAND,**

    **Plaintiff,**

VS.                                                          Civil No. <u>08-2008-B/P</u>

**MICHAEL J. ASTRUE,
Commissioner of Social Security,**

    **Defendant.**

## REPORT AND RECOMMENDATION

    Before the court is the defendant's April 10, 2008, Motion to Reverse and Remand this case to the Commissioner pursuant to sentence six of §105(g) of the Social Security Act, 42 U.S.C. §405(g), to more fully develop the record regarding whether Plaintiff's work as a cleaner/housekeeper can be considered past relevant work. The court submits that remand is warranted under 42 U.S.C. § 405(g), as remand would expedite administrative review, ensure that the Commissioner properly considers Plaintiff's claim, and could make judicial review unnecessary.

    It is recommended that the court order, upon remand, that if it is determined that Plaintiff's past work as a cleaner/housekeeper was not past relevant work, the ALJ evaluate Plaintiff's other past work and determine whether any of these jobs can be considered as past relevant work. If it is determined that Plaintiff has past relevant work, then the ALJ shall compare the demands of Plaintiff's established functional limitations to the

physical and mental requirements of her past relevant work in accordance with Social Security Ruling 82-62 to determine whether Plaintiff can perform her past relevant work. If it is determined that Plaintiff has no past relevant work or that Plaintiff cannot perform her past relevant work, then the ALJ shall proceed to step five of the sequential evaluation process.

It is further recommended that the court enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing and remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and that entry of the final judgment reversing and remanding this case begin the appeal period which determines the 30-day period during which a timely application for attorney fees under the EAJA may be filed.

IT IS SO ORDERED.

S/Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 25, 2008
Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**