```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

```
VIOLA IRIS HOLLAND,             )
                                )
     Plaintiff,                 )
                                )
v.                              )
                                )   No. 08-2008 A/P
MICHAEL J. ASTRUE, COMMISSIONER )
OF SOCIAL SECURITY,             )
                                )
     Defendant.                 )
                                )
```
_____

**REPORT AND RECOMMENDATION ON PETITION FOR AWARD OF ATTORNEY FEES**
_____

Before the court is plaintiff Viola Iris Holland's attorney Chris A. Cornaghie's Petition for Award of Attorney Fees, filed on February 18, 2010. (D.E. 14.) Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner"), filed a response on March 4, 2010. Cornaghie filed a reply on April 19, 2010. Cornaghie's petition was referred to the Magistrate Judge for a Report and Recommendation on June 21, 2010. The court hereby submits the following proposed findings of fact and conclusions of law, and recommends that the petition be granted.

### I. PROPOSED FINDINGS OF FACT

Cornaghie seeks an award of attorney's fees totaling $10,194.85, as a prevailing party under the Social Security Act

("SSA"), 42 U.S.C. § 406(b), to cover the cost of pursuing judicial review of a decision by the Commissioner denying Holland's claim for disability benefits under Title II of the SSA. Holland was eventually awarded $40,779.40 in past due benefits. Cornaghie has already received $5,300.00 in attorney's fees for services performed at the administrative level. The Commissioner is currently withholding $4,894.85 from Holland's past due benefits until such time that the court determines what amount, if any, Cornaghie should be paid for services performed in connection with the federal court proceedings.

Holland and Cornaghie entered into a contingency fee agreement which provided that Cornaghie would receive at most 25% of Holland's past due benefits if the case were appealed to the federal court and the court ultimately issued a favorable decision. Cornaghie argues that he should receive the remaining portion ($4,894.85) of the 25% of past due benefits for his services at the federal court level. Cornaghie initially failed to show that he rendered any services at the federal court level, attaching only a declaration and schedule of hours reflecting his time spent on the administrative portion of Holland's case. (Cornaghie Pet. at 4-5.) However, Cornaghie subsequently filed a declaration and schedule of hours spent on the federal court portion of Holland's case. (Cornaghie Reply Ex. A.)

**II.   PROPOSED CONCLUSIONS OF LAW**

Section 406 of the SSA states that

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).  "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  In determining an award of attorney's fees under the SSA, courts should look first at the contingency fee agreement, and then test it for reasonableness.  Droke v. Barnhart, No. 02-1284, 2005 WL 2174397, at *1 (W.D. Tenn. Sept. 6, 2005); see also Gisbrecht, 535 U.S. at 808.  A reduction in the fee may be justified based on "the character of the representation and the results the representative achieved."  Gisbrecht, 535 U.S. at 808; see also Droke, 2005 WL 2174397, at *1. Courts may reduce the fee award when, among other things, representation was substandard, benefits are large in comparison to the amount of time counsel spent on the case, counsel is responsible for delay, and the award would amount to a windfall to counsel.  Gisbrecht, 535 U.S. at 808; Morrison v. Comm'r of Soc. Sec., No. 1:04-CV-454, 2008 WL 828863, at *2 (W.D. Mich. Mar. 26, 2008).  Further, "[a]lthough a fee petition may be within the

-3-

twenty-five percent (25%) statutory maximum, the statutory maximum was not intended to be an automatic finding that fees in that amount are reasonable." Lavender v. Califano, 683 F.2d 133, 134-35 (6th Cir. 1982).  Most courts, however, are "'deferential to the terms of the contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements.'"  Droke, 2005 WL 2174397, at *1 (quoting Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005)).  Thus, courts have approved attorney's fees under § 406(b) that amount to very high hourly rates.  See id. (approving effective hourly rate of $830.82 and citing cases).

The attorney's fee that Cornaghie seeks would equal an hourly rate of $338.74.[1]  Although this may appear to be a high hourly rate on an absolute basis, courts have approved much higher hourly rates.  See, e.g., Whitehead v. Barnhart, No. 1:04-1236-T, 2006 WL 681168 (W.D. Tenn. Mar. 14, 2006) (approving effective hourly rate of $982.00); see also Finley v. Astrue, No. 04-2638 Ma/P (W.D. Tenn. May 1, 2008) (approving effective hourly rate of $414.73). Further, Cornaghie achieved an excellent result in this case.  The report and recommendation in this case, which was adopted by the district judge, recommended that Holland's case be remanded.  On

---

[1]According to the declaration and schedule of hours filed with the reply, Cornaghie spent 14.45 hours on the federal court portion of Holland's case.  (Cornaghie Reply Ex. A.)  Dividing 14.45 hours into the remaining $4,894.85 withheld by the SSA results in an hourly rate of $338.74.

remand, Holland was awarded over $40,000.00 in past due benefits. In addition, although it took several years for Holland to receive the past due social security benefits, Cornaghie was not responsible for any delay. Moreover, because Cornaghie's typical hourly rate is $200.00, the hypothetical hourly rate of $338.74 does not appear to meet the threshold at which a court can even consider a contingency fee to be a "windfall," as set out by the Sixth Circuit Court of Appeals.  See Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 422 (6th Cir. 1991) (finding that "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable"); see also Whitehead, 2006 WL 681168, at *5 (finding that Hayes "erects a minimum floor under which a district court may not even question the reasonableness of a fee mandated by a contingent-fee agreement").  Therefore, the court finds that an attorney's fee of the remaining portion ($4,894.85) of the 25% of past due benefits is reasonable, and no deduction is warranted.

### III.  RECOMMENDATION

For the reasons above, the court recommends that the Petition for Award of Attorney Fees be granted.

Respectfully submitted,

                        s/ Tu  M. Pham
                        TU M. PHAM
                        United States Magistrate Judge

<u>June 24, 2010</u>
Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**